# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0925 | **DATE** | February 10, 2012 |
| **CASE TITLE** | U.S. ex rel. Christopher Everett (#R-26159) v. Marcus Hardy | | |

**DOCKET ENTRY TEXT:**

Petitioner has paid the statutory filing fee. However, Petitioner's petition appears to be untimely. Consequently, Petitioner is ordered to show good cause in writing why his habeas petition should not be dismissed as time-barred. Failure within thirty days of the date of this order to show good cause in writing will result in summary dismissal of the amended petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Petitioner is reminded that he must provide the Court with the original plus a judge's copy of every document filed.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

Christopher Everett, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2002, Cook County, Illinois convictions for first degree murder and attempted murder on the several grounds, including ineffective assistance of trial and appellate counsel and due process violations.

Petitioner has paid the statutory filing fee and filed a motion to proceed *in forma pauperis*. Petitioner's motion for leave to proceed *in forma pauperis* is denied for lack of a sufficient showing of indigence. Petitioner's financial affidavit reveals that he has a current balance of $13.87 in his prison trust account, and that over the last six months he has had average deposits of $66.93 per month. Because Petitioner is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See, e.g., Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999), *citing Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987). Petitioner is financially able to pay the $5.00 statutory filing fee for habeas corpus petitions, and has done so.

However, Petitioner's petition appears to be untimely. Accordingly, Petitioner is ordered to show good cause in writing why his petition for a writ of habeas corpus should not be dismissed.

Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one year runs from the latest of several dates, including: (1) the date on
**(CONTINUED)**

AWL

| STATEMENT (continued) |
|---|

which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id.* "The time period during which a properly filed application for State post-conviction or other collateral review ... is pending shall not count toward any period of limitation...." 28 U.S.C. § 2244(d)(2).

Petitioner filed a direct appeal which was completed when his petition for leave to appeal to the Illinois Supreme Court was denied on December 5, 2005. *See* Petitioner's petition, p. 2. Petitioner pleads in his petition that he waited to initiate collateral proceedings attacking his conviction and sentence until October 7, 2009. Petitioner's collateral proceedings were finally adjudicated when the Illinois Supreme Court denied Petitioner's petition for leave to appeal on November 30, 2011.

By the time Petitioner sought collateral review on October 7, 2009, the one-year limitation period for seeking federal habeas review had already expired. Whether or not the State entertained the post-conviction petition and decided it on the merits, the subsequent state proceedings did not restart the "federal clock" after the statute of limitations had already extinguished any right to federal habeas review. *See De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009).

Petitioner has not identified any facts that would toll the one-year period of limitations. His petition for a writ of habeas corpus would therefore appear to be time-barred. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997) (limitations period applies to all habeas corpus petitions filed after April 23, 1997). Accordingly, Petitioner is ordered to show good cause in writing why the petition should not be dismissed as time-barred. Failure to show cause within thirty days of the date of this order will result in summary dismissal of the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.