Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0925 | **DATE** | November 26, 2012 |
| **CASE TITLE** | U.S. ex rel. Christopher Everett (#R-26159) v. Marcus Hardy | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion [#28] is construed as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and is denied. This case remains closed on the Court's docket. Petitioner's motion for a certificate of appealability [#27] is also denied. The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Petitioner, Christopher Everett, seeks to alter or amend this Court's judgment order dismissing his federal habeas petition brought pursuant to 28 U.S.C. § 2254, entered by the Court on October 15, 2012. Petitioner's motion, which was filed within 28 days of this Court's dismissal of this case on an issue of law, was filed pursuant to Fed. R. Civ. P. 59(e), is timely.

Relief under Rule 59(e) is available only if Petitioner can demonstrate a manifest error of law or present newly discovered evidence. *Obriecht*, at 493; *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir.2007); *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Rule 59(e) "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment . . . or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted); *see also Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Whether to grant or deny a Rule 59 (e) motion "is entrusted to the sound judgment of the district court." *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

The Court has carefully reviewed Petitioner's motion. Petitioner fails to carry this burden. Petitioner is essentially arguing with the Court's legal reasoning. Petitioner argues that his state appellate defendaer abandoned him and he had no way of knowing his appeal was denied on December 1, 2005, citing to a U.S. Supreme Court case in his efforts to convince the Court to apply equitable tolling to this case. Petitioner cites to *Maple v. Thomas*, 132 S. Ct. 912 (2012), for the proposition that because his attorney abandoned him, he is entitled to equitable tolling. However, Petitioner's situation is different than that of the petitioner in *Maple*, in that here, Petitioner waited four years to check on what he believed to be an ongoing appeal. Under the judge-made doctrine of "equitable tolling," the Court may excuse a petitioner's failure to file his § 2254 petition within the limitations period only if he shows that he "could not, despite the exercise of reasonable diligence, have discovered all the information he needed in order to be able to file his claim on time." *Taliani v. Chrans*, 189 **(CONTINUED)**

|   | AWL |
|---|---|

## STATEMENT

F.3d 597, 597-98 (7th Cir. 1999). Allowing four years to pass without checking on the status of his appeal does not satisfy the requirement that Petitioner exercise reasonable diligence. Consequently, Petitioner's motion is denied.

The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts because there is no substantial showing of a denial of a constitutional right in this case. *See Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008) (citing 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893, & n.4 (1983)); *Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003) (setting forth requirements for a certificate of appealability).